JUDGE COFER
delivered the opinion or the court.
Mary Hughes, a resident of Adair County, being entitled to' a pension under the laws of the United States, payable at the pension agency at Louisville, caused a proper voucher to be made out and forwarded it to that office. Upon receiving the voucher W. D. Gallagher, the pension agent, drew his draft on the assistant treasurer at New York in favor of said Hughes, for $311.80, and delivered it to one McLean, who claimed to have a power of attorney from her, authorizing him to receive it as her agent. McLean indorsed Hughes’s name and his own to the back of the draft, and delivered it to the Louisville City National Bank. The bank indorsed the draft to A. Lane, cashier, New York, for collection and credit, and Lane collected the money on it and placed it to the credit of the Louisville bank.
McLean failing to pay any part of the money to Mrs. Hughes, she brought this suit against Gallagher and his *598 sureties on his bond as pension agent, to recover from them the amount of the draft.
A trial was had which resulted in a verdict, under peremptory instructions, against Gallagher and in favor of his sureties, and from the judgments rendered thereon botlp Hughes and Gallagher have appealed.
Gallagher’s bond was executed to the United States in the penal sum of $150,000, but to be void if he should truly and faithfully discharge all the duties of said office according to law, and the instructions which were then in force or should be in force at any time during his continuance in office, and if he should regularly account, when required, with such person or persons as should be duly authorized on the part of the United States for that purpose, and, also, refund at any time when required, any public money remaining in his hands unaccounted for.
The sureties claimed that they were not liable on the bond for any cause of action Mrs. Hughes might have against their principal. If they are right in this, the action of the court below was right so far as they are concerned, and the judgment in bar of the action against them must be affirmed.
It is perfectly clear that, according to the rules of the common-law, none but parties or privies can maintain an action upon a contract in their own name; and therefore that even if the covenants in the bond sued on are broad enough to cover this case, Hughes could not recover in her own name.
But under our system of practice, which requires every action to be brought in the name of the real party in interest, she may sue in her own name if there be any covenant in the bond to the benefit of which she is entitled. (Lane v. Kasey, 1 Met. 412.)
This brings us to the question whether the bond inures to her benefit.
We do not know of any statute which gives a pensioner a *599 right of action on the bond, and there is nothing in its language which seems to us to indicate an intention to secure by it the faithful performance of the duties of the pension agent to pensioners having business with him in his official capacity. The bond is payable to the United States; all its covenants except one are expressly to them. There is a general stipulation for the “ true and faithful discharge of his duties,” but as that covenant was with the government, its plain, natural, and legal import is, that it bound him to a true and faithful discharge of his duties to the United States.
Counsel cite the case of Lane v. Kasey, supra, as an authority to support their views; but a critical examination of that case will show the cases are widely different..
The bond sued on in that case was executed in compliance with a statute which required that it should bind the warehouse-keeper and his sureties to pay to the owner of tobacco .sold by him the, proceeds of the sale. The bond was in substantial compliance with the statute, and the case was one in which one person had made a contract with another for the benefit of a third. The warehouseman had covenanted with the commonwealth for the benefit of the owners of tobacco sold by him. But in this case we have seen that there is no ■covenant for the benefit of any person except the United States.
Counsel also eite section 9, chapter 81, General Statutes, which provides, that suit may be brought from time to time upon the bond of any- officer for the benefit of any person injured by a breach thereof. This statute relates only to the bonds of officers of this state, and has no application to bonds of officers of the government of the United States.
The appeal of Gallagher presents the next question for consideration.
The laws of the United States make it the duty of pension agents to transmit drafts for pensions to the pensioners by mail, when not delivered to them in person, and forbids them *600 to recognize any “ warrant, power of attorney, or other paper executed or purporting to be executed by any pensioner to any attorney, claim agent, broker, or other person.”
, McLean produced to Gallagher what purported to -be a power of attorney from Mrs. Hughes, authorizing him to receive her pension. In delivering the draft to McLean on that writing, Gallagher violated the law and his duty as agent, and if loss had resulted to the United States on account of his deviation from duty, he would certainly have been liable to them. But his act, though unlawful, was assented to by Hughes if she executed the power of attorney, and she can not complain that she has been damaged by that which was done with her consent, if not at her request.
She claims that she did not execute the alleged power of attorney, and on that point the evidence was conflicting. If she did execute it, she has no cause of complaint; and if she did not, the unauthorized delivery of the draft to McLean wras a conversion by Gallagher, and he is, on that ground, liable for its loss. He held the draft for her, and it was his duty, independent of the laws of the United States, not to deliver it to a person having no authority to receive it. In this view of the case his liability is personal and not official. Whether, if the' action be treated as one for official dereliction, the .state courts would have jurisdiction, is a question which would require careful consideration; and as the rights and liabilities of the parties are, in the view we have taken of the case, the same that they would be in the view in which the case has been presented by counsel, we have not examined the question of jurisdiction.
The judgment in favor of the sureties is affirmed, that in favor of Hughes is reversed, and the cause is remanded for a new trial upon principles not inconsistent with this opinion.